**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2011

Lyle W. Cayce
Clerk

No. 10-50813
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR LECHUGA-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1968-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Victor Lechuga-Guerrero appeals the 77-month within-guidelines-range sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Lechuga-Guerrero argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He contends that the guidelines sentencing range was too severe because U.S.S.G. § 2L1.2 resulted in the double counting of his prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a crime of violence and further that a sentence under that guidelines provision should not be afforded a presumption of reasonableness. He also argues that the guidelines sentencing range did not accurately reflect the seriousness of his offense and failed to account for his history and characteristics.

As Lechuga-Guerrero concedes, his argument that the presumption of reasonableness should not apply is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have also rejected the argument that using a conviction to increase the offense level and to calculate criminal history is impermissible double counting. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 378 (2009).

The district court considered Lechuga-Guerrero's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. The assertions regarding the seriousness of his offense and his personal history and characteristics are insufficient to rebut the presumption of reasonableness. See *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Accordingly, the district court's judgment is AFFIRMED.